**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Raul HERNANDEZ–FRANCO, Defendant—Appellant.**

**No. 11–30003.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Oct. 27, 2011.

Byron Chatfield, Assistant U.S., Office of the U.S. Attorney, Medford, OR, Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Tonia Louise Moro, Assistant Federal Public Defender, Federal Public Defender's Office, Medford, OR, for Defendant–Appellant.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Raul Hernandez–Franco appeals from the 57–month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hernandez–Franco contends the district court procedurally erred by failing to address his arguments relating to the intra-district disparity created by the government's refusal to offer him a "fast track" plea agreement. The record reflects that the district court listened to and considered Hernandez–Franco's arguments in this regard, but found the circumstances insufficient to warrant a sentence lower than the one imposed. *See United States v. Carty,* 520 F.3d 984, 995–96 (9th Cir. 2008) (en banc); *see also United States v. Banuelos–Rodriguez,* 215 F.3d 969, 976 (9th Cir.2000) (en banc) ("Courts generally have no place interfering with a prosecutor's discretion regarding whom to prosecute, what charges to file, and whether to engage in plea negotiations.").

Hernandez–Franco also contends his sentence is substantively unreasonable because it is based on a 16–level enhancement under U.S.S.G. § 2L1.2(b) which lacks any empirical basis and triple counts his criminal history. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Carty,* 520 F.3d at 993.

**AFFIRMED.**